UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN DOE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-5370** |
| **ST. JAMES PARISH SCHOOL BOARD, ET AL.** | **SECTION I** |

**ORDER**

On October 22, 2015, John and Jane Doe filed the above-captioned lawsuit on behalf of their child, Child Doe (collectively, "plaintiffs"), alleging constitutional violations in connection with the suspension and expulsion of their child from the St. James Parish Math and Science Academy.[1] Plaintiffs have now filed a motion[2] for a temporary restraining order and/or a preliminary injunction allowing their son to play in a high school football playoff game on November 13, 2015.

"To obtain a temporary restraining order or preliminary injunction, a plaintiff must establish the following elements by a preponderance of the evidence: (1) there is a substantial likelihood of success on the merits; (2) there is a substantial threat that irreparable injury will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) granting the preliminary injunction will not disserve the public interest." *Khan v. Ft. Bend Indep. Sch. Dist.*, 561 F. Supp. 2d 760, 763 (S.D. Tex. 2008) (Hittner, J.).[3] Such an injunction is an

---

[1] R. Doc. No. 1, at 2-3.
[2] R. Doc. No. 7.
[3] In addition, the Court "may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R.

extraordinary remedy which should only be granted if plaintiffs carry the burden of persuasion with respect to each factor. *See id.*

Considering the motion, the record in this case, and the applicable law, the Court finds that plaintiffs have not made the requisite showing of entitlement to a temporary restraining order. *See Khan*, 561 F. Supp. 2d. at 764-67; *see also Nevares v. San Marcos Consol. Indep. Sch. Dist.*, 111 F.3d 25, 27 (5th Cir. 1997) ("This court has also rejected arguments that there is any protected interest in the separate components of the educational process, such as participation in interscholastic athletics.").[4] Accordingly, the motion for a temporary restraining order should be denied. Furthermore, because the requested relief relates to participation in a high school football game scheduled to take place this evening, any request for a preliminary injunction is moot.[5] Accordingly,

---

Civ. P. 65(b)(1).

The Court attempted to conduct a telephone conference with counsel. Counsel for defendants (who have not yet appeared in this matter) was served by email with the motion, *see* R. Doc. No. 7, at 2, but he could not be reached. The Court need not decide any issues related to defendants' notice and/or opportunity to be heard because plaintiffs' motion is facially insufficient to warrant a temporary restraining order.

[4]Plaintiffs have not cited any authorities suggesting that Louisiana law provides greater protections with respect to the injury alleged or the relief sought under these circumstances.

[5]Plaintiffs' motion is directed to a November 13, 2015 playoff game. R. Doc. No. 7-1, at 2. If plaintiffs' son's team should advance in the playoffs, this order does not preclude plaintiffs from filing a renewed motion for a preliminary injunction; however, for the reasons set forth above, the Court harbors significant doubts as to whether plaintiffs can make the requisite showing for any such injunctive relief.

**IT IS ORDERED** that the motion for a temporary restraining order is **DENIED**.

**IT IS FURTHER ORDERED** that the motion for a preliminary injunction is **DISMISSED AS MOOT**.

New Orleans, Louisiana, November 13, 2015.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**