UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN DOE, ET AL.                              CIVIL ACTION

VERSUS                                         NO: 15-5370

ST. JAMES PARISH SCHOOL                        SECTION: R
BOARD, ET AL.

# ORDER AND REASONS

On October 22, 2015, John and Jane Doe filed this lawsuit on behalf of their child, Child Doe, alleging constitutional violations in connection with the suspension and expulsion of their child from St. James Parish Math and Science Academy.[1] On November 12, 2015, plaintiffs moved for a temporary restraining order and/or a preliminary injunction allowing their son to play in a high school football playoff game scheduled for the following day.[2] Plaintiffs' motion was temporarily reallotted to a different section of this Court, which denied the motion.[3] On December 9, 2015, plaintiffs filed a renewed motion

---

[1] R. Doc. 1, at 2-3.

[2] R. Doc. 7.

[3] R. Doc. 9.

1

for a temporary restraining order.[4]  Although plaintiffs direct the Court's attention to another high school football playoff game--this one scheduled for December 12, 2015--plaintiffs argue that their motion for a temporary restraining order "is not solely about playing in a football game."[5]  Instead, plaintiffs argue, their motion seeks to remedy ongoing constitutional violations by enabling Child Doe to return to St. James Parish Math and Sciences as a regular student with full access to all scholastic and extracurricular opportunity that the school makes available, including participation in a football game.

Temporary restraining orders are "extraordinary relief and rarely issued."  *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999).  A party can obtain a temporary restraining order or a preliminary injunction only if: (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm to the movant will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction or temporary restraining order will not disserve the public interest.  *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).  A court

---

[4] R. Doc. 12-2.

[5] *Id.* at 8.

may issue a temporary restraining order without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]"  Fed.R.Civ.P. 65(b)(1)(A).

Plaintiffs' filings fail to state specific facts showing that immediate and irreparable injury will result to the plaintiffs in the absence of extraordinary relief.  To the extent plaintiffs continue to base their irreparable harm claim on Child Doe's inability to play high school football, their argument is without merit.  See *Khan v. Fort Bend Indep. Sch. Dist.*, 561 F. Supp. 2d 760, 766 (S.D. Tex. 2008) (holding that student "will suffer no 'irreparable injury' by not being allowed to participate in or speak at" a high school graduation ceremony); *St. Patrick High Sch. v. New Jersey Interscholastic Athletic Associations*, No. CIVA 10-CV-948 (DMC), 2010 WL 715826, at *4 (D.N.J. Mar. 1, 2010) (holding that there was no irreparable harm when a high school basketball team was prohibited from playing in the state championship); *Cruz ex rel. Cruz v. Pennsylvania Interscholastic Athletic Ass'n, Inc.*, No. CIV. A. 00-5594, 2000 WL 1781933, at *1 (E.D. Pa. Nov. 20, 2000) ("Not being able to play on game day is certainly a disappointment but does not in my judgment constitute the type of harm warranting the extraordinary remedy of injunctive relief.").  Although plaintiffs insist that their motion is not directed towards

football alone, they have not identified any other specific injury that Child Doe will suffer in the absence of immediate injunctive relief, much less demonstrated why that injury is irreparable in nature. Thus, plaintiffs cannot obtain the extraordinary relief they seek. *See, e.g., RCM Technologies, Inc. v. Beacon Hill Staffing Group*, LLC, 502 F.Supp.2d 70, 74 (D.D.C. 2007) (denying application for temporary restraining order because plaintiff's alleged injuries were speculative and non-specific).

For the reasons stated, plaintiffs' motion for a temporary restraining order is DENIED.

New Orleans, Louisiana, this 10th day of December, 2015.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE