UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN DOE, *ET AL.*                          CIVIL ACTION

VERSUS                                      NO: 15-5370

ST. JAMES PARISH SCHOOL                     SECTION: R
BOARD, *ET AL.*

## ORDER AND REASONS

Defendants move the Court to dismiss this Section 1983 case under Federal Rule of Civil Procedure 12(b)(5) and Federal Rule of Civil Procedure 12(b)(2).[1] Because plaintiffs' service of process was insufficient and the time for effective service of process has expired, the Court grants defendants' motion under Rule 12(b)(5).

## I.    INTRODUCTION

Plaintiffs John and Jane Doe filed this 42 U.S.C. § 1983 lawsuit on behalf of their child, Child Doe, alleging constitutional violations in connection with Child Doe's suspension and expulsion from the St. James Parish Math and Science Academy in September 2015.[2] Plaintiffs name as defendants the St. James Parish School Board, seven School Board members, and four

---

[1] R. Doc. 18.

[2] R. Doc. 1.

administrative school officials.[3]  Plaintiffs sue all eleven Individual Defendants in both their individual and their official capacities.[4]  In their complaint, plaintiffs seek a declaratory judgment that "[Child Doe] has been deprived unlawfully of life, liberty, and property within the meaning of the Fourteenth Amendment to the Constitution of the United States."[5]  They also seek an injunction requiring defendants to reinstate Child Doe as a regular student at the school, as well as compensatory damages, costs, and attorney fees.[6]

Plaintiffs filed their complaint on October 22, 2015 and filed returns of service for all defendants into the record on February 19, 2016 and March 24, 2016.[7]  The returns of service indicate that a process server served the School Board and each of the Individual Defendants on the same day--October 26, 2015--using the same method--personal delivery to an individual named Betty Foster.  Specifically, plaintiffs' returns of service for the eleven Individual Defendants describe the method of service as follows: "[s]ummons and complaint deliver[]ed to Betty Foster, an employee at St. James Parish School

---

[3] *Id.* at 1, 2.

[4] *Id.* at 1.

[5] *Id.* at 10-11.

[6] *Id.* at 11.

[7] R. Docs. 16, 20.

2

Board Central Office, on Oct 26, 2015."[8]  As to the School Board, the return of service states: "I served the summons on Betty Foster, who is designated by law to accept service of process on behalf of [] St. James Parish School Board on October 26, 2015."[9]  None of the returns of service provides additional details about either Betty Foster or the circumstances surrounding the process server's efforts to serve the defendants.

Defendants move to dismiss plaintiffs' complaint under Federal Rules of Civil Procedure 12(b)(5) for insufficient service of process and under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.[10] Plaintiffs oppose the motion on the grounds that personal delivery to Betty Foster sufficed to perfect service on the School Board and the Individual Defendants.[11]

---

[8] *See id.*

[9] R. Doc. 16-4 at 2.

[10] R. Doc. 18.

[11] R. Doc. 19.

## II.    DISCUSSION

If a party is not validly served with process, proceedings against that party are void. *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). When service of process is challenged, the party on whose behalf service was made bears the burden of establishing its validity. *Id.* "The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986). Defendants challenge the sufficiency of plaintiffs' service of both the School Board and the Individual Defendants (school board members and administrative officials). The Court considers the two sets of defendants in turn.

### A.    The St. James Parish School Board

Because the School Board is a political subdivision, *see* La. Const. Ann. art. VI, § 44(2); La. Rev. Stat. § 17:51, service of process is governed by Federal Rule of Civil Procedure 4(j)(2). Under Rule 4(j)(2), a plaintiff that sues a "state-created governmental organization" must serve process on the defendant by either (1) "delivering a copy of the summons and of the complaint to its chief executive officer," or (2) "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2).

4

Here, plaintiffs filed a return of service, in which the process server declared that he personally delivered the summons and the complaint to an individual named Betty Foster.  Although the return of service describes Betty Foster as someone with legal authority to accept service of process on the School Board's behalf, it provides no additional information about her title or employment duties.   Defendants contend that Betty Foster works as a receptionist as the School Board's central office.  Plaintiffs do not dispute this account; nor do they provide any evidence or argument that Betty Foster serves as the School Board's chief executive officer.  Accordingly, plaintiffs' service of process did satisfy the first method authorized by Rule 4(j)(2).

Turning to the second method authorized by Rule 4(j)(2), the parties dispute which source of Louisiana law provides the procedures for serving process on a parish school board.  According to defendants, the issue is governed by Louisiana Revised Statute § 17:51.  That statute provides that parish school boards are bodies corporate with the power to sue and be sued and that "[i]n suits against school boards citation shall be served on the president of the board and in his absence on the vice-president." La. Rev. Stat. § 17:51. Plaintiffs argue that a second source of law, Article 1265 of Louisiana's Code of Civil Procedure, establishes the procedures for serving parish school boards as political subdivisions.  Article 1265 provides that "service of citation

or other process on any political subdivision . . . is made at its office by personal service upon the chief executive officer thereof, or in his absence upon any employee thereof of suitable age and discretion." La. Code Civ. Proc. art. 1265.

This dispute presents a straightforward issue of statutory interpretation. In Louisiana, "when two statutes apply to the same situation, the specific statute prevails over the general one." *Silver Dollar Liquor, Inc. v. Red River Par. Police Jury*, 74 So. 3d 641, 648 (La. 2011) (citing *Burge v. State*, 54 So.3d 1110, 1113 (La. 2011)). Of the two sources of law that purport to govern service of process on the School Board, Louisiana Revised Statute § 17:51 is far more specific. While Article 1265 applies to all political subdivisions, the rules set forth in Louisiana Revised Statute § 17:51 apply only in "in suits against school boards." The Court therefore finds that Louisiana Revised Statute § 17:51 governs the procedures for serving process on the School Board to the exclusion of Article 1265. Other federal district courts and Louisiana state courts have reached the same conclusion. *See Randolph v. E. Baton Rouge Par. Sch. Bd.*, No. CV 15-654-SDD-EWD, 2016 WL 868230, at *2 (M.D. La. Mar. 4, 2016) (collecting cases); *Spears v. Jefferson Par. Pub. Sch. Sys.*, No. CIV.A. 12-1991, 2013 WL 1868456, at *3 (E.D. La. May 2, 2013) (noting that La. Rev. Stat. § 17:51 governs requirements of serving process on parish school

6

boards); *Jackson v. St. John the Baptist Par. Sch. Bd.*, 121 So. 3d 164, 169 (La. App. 5 Cir. 2013) (rejecting argument that Article 1265 governs service of process on parish school boards and holding that "the more specific application of [Louisiana Revised Statute § 17:51] to school boards controls").

Plaintiffs resist this conclusion by arguing that Louisiana Revised Statute § 17:51 and Article 1265 are "complimentary" provisions.[12]  Specifically, plaintiffs argue that Louisiana Revised Statute § 17:51 identifies the "who" of service--which school board members must be served to perfect service on the school board--while Article 1265 provides rules on "how" service should be performed--that is, personal service on the school board's chief executive officer or, in his absence, to any employee of suitable age and discretion.[13] But Louisiana Revised Statute § 17:51 provides specific rules that plaintiffs must follow when serving process on a parish school board.  For instance, plaintiffs must serve citation "on the president of the board *and in his absence on the vice-president.*" La. Rev. Stat. § 17:51 (emphasis added).  Plaintiffs' reading of Article 1285 renders these rules superfluous by permitting plaintiffs, in the chief executive officer's absence, to serve process on any school board "employee [] of suitable age and discretion."  The specific-general canon of

---

[12] R. Doc. 19 at 6.

[13] *Id.* at 4.

statutory interpretation prohibits this result. *See RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 132 S. Ct. 2065, 2071 (2012) ("[T]he canon avoids the superfluity of a specific provision that is swallowed by the general one, violat[ing] the cardinal rule that, if possible, effect shall be given to every clause and part of a statute.").

As noted, plaintiffs' return of service indicates that the process server delivered the summons and the complaint to Betty Foster. Because plaintiffs have produced no evidence indicating that Betty Foster serves as the School Board's president or vice-president, plaintiffs fail to establish that the School Board was validly served under Louisiana law. *See Randolph*, 2016 WL 868230, at *2 (finding that parish school board was not properly served when plaintiffs delivered summons to a school board employee); *Jackson*, 121 So. 3d at 169 (same). Because plaintiffs' service of process on the School Board did not satisfy either of the methods authorized by Rule 4(j)(2), plaintiffs' claims against the School Board are subject to dismissal for insufficient service of process under Rule 12(b)(5).

## B.    The Individual Defendants

In addition to the School Board, plaintiffs assert Section 1983 claims against seven School Board members and four administrative school officials. Plaintiffs sue each Individual Defendant in both their individual and their

official capacities.  The Individual Defendants argue that plaintiffs' claims should be dismissed because the Individual Defendants were not served in their individual capacities.

"[T]he fact that an individual state actor may be sued in his or her official capacity does not obviate the necessity for appropriate service of process for suit in a person's individual capacity." *Judeh v. Louisiana State Univ. Sys.*, No. 12–1758, 2013 WL 654921, at *3 (E.D. La. Feb. 20, 2013); *see also Robinson v. Turner*, 15 F.3d 82, 85 (7th Cir. 1994) ("Service upon an employee in his official capacity does not amount to service in his individual capacity."). Federal Rule of Civil Procedure 4(e) sets forth the procedural requirements for serving individual defendants.  Rule 4(e) provides that a federal litigant may serve an individual defendant by following the procedural methods of service provided by the state in which the district court is located, Fed. R. Civ. P. 4(e)(1), or by doing any of the following: (1) "delivering a copy of the summons and of the complaint to the individual personally"; (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2).

Here, plaintiffs' returns of service indicate that each Individual Defendants was served in the same way--by "deliver[y] to Betty Foster, an employee at St. James Parish School Board Central Office."  Delivering a summons and complaint to an employee at a defendant's workplace does not constitute personal service; nor does it qualify as service at a defendant's "dwelling or usual place of abode." *See Marshall v. Warwick*, 155 F.3d 1027, 1030 (8th Cir. 1998) ("[L]eaving a copy of the summons at the defendant's place of employment, when the service of process statute requires that the server leave it at the defendant's dwelling, is not valid service of process."); *West v. Paige*, 835 F. Supp. 20, 22 (D. Me. 1993) ("The defendant Nappi was ostensibly served through service upon a secretary at his place of employment. This does not satisfy the service requirements of [Rule 4]."). As to the final method of service authorized by Rule 4(e)(2), plaintiffs have produced no evidence demonstrating that any Individual Defendant has appointed Betty Foster to accept service of process on his or her behalf. *Cf. Allison v. Utah Cty. Corp.*, 335 F. Supp. 2d 1310, 1314 (D. Utah 2004) (finding that service on individual defendant was invalid when plaintiff left summons and complaint with receptionist at defendant's office, absent showing that defendant had authorized anyone to accept service on her behalf). Thus, plaintiffs' service on

the Individual Defendants did not comply with any of the methods authorized by Rule 4(e)(2).

Turning to state law, Louisiana generally requires personal or domiciliary service, or service on a defendant's authorized representative. La. Code Civ. Proc. Ann. arts. 1231, 1232, 1234, 1235. Louisiana law does not authorize service of an individual at the individual's place of work. *See Jason v. Nugent*, No. CIV.A. 04-1722, 2005 WL 53301, at *2 (E.D. La. Jan. 7, 2005). Accordingly, plaintiffs' attempted service on the Individual Defendants was not sufficient under Rule 4(e)(1).

Plaintiffs resist this conclusion by arguing that each Individual Defendant was properly served under Article 1265 of the Louisiana Code of Civil Procedure.[14] As relevant here, Article 1265 provides that "[a] public officer, sued as such, may be served at his office either personally, or in his absence, by service upon any of his employees of suitable age and discretion." La. Code Civ. Proc. art. 1265. Plaintiffs argue that their service complied with this article because Betty Foster is a School Board employee of suitable age and discretion, who is therefore authorized by law to accept service of process on the Individual Defendants' behalf.

---

[14] R. Doc. 19 at 9.

11

This argument fails for two reasons.  First, by its terms, Article 1265 applies only to public officers who are "sued as such"--that, is who are sued in their official capacities.  *See Gilmore v. Wolfe*, No. CV 15-00280-BAJ-RLB, 2016 WL 438978, at *2 (M.D. La. Feb. 3, 2016) (noting that Article 1265 governs service of individuals sued in their official capacity); *see also* 1 La. Civ. L. Treatise, Civil Procedure § 8:4 (2d ed.) ("A public officer is 'sued as such' when he or she has no personal responsibility, but is named only because the officer is the proper party defendant for asserting the claim against the entity.").  As noted, defendants who are sued in their individual capacity in a Section 1983 action must be served as individuals under Rule 4(e).  *Judeh*, 2013 WL 654921, at *3.  Serving a public official in his or her official capacity under Article 1265, as plaintiffs claim to have done here, does not constitute individual service and is therefore insufficient.

Second, even if Article 1265 did provide a method for effectuating individual service, plaintiffs fail to demonstrate compliance with that article's requirements.  Although Article 1265 contemplates service on a public official's employee in certain circumstances, such service is appropriate only "in [the public official's] absence" from the workplace.  La. Code Civ. Proc. art. 1265.  In other circumstances, a public official should be served personally at his or her office.  Here, plaintiffs do not assert that they failed to personally serve the

Individual Defendants because the Individual Defendants were absent from work.  Indeed, they provide no explanation whatsoever for serving all eleven Individual Defendants by delivering summonses and copies of the complaint to an "employee at St. James Parish School Board Central."  Thus, plaintiffs fail to demonstrate that their service of the Individual Defendants was proper even under La. Code Civ. Proc. art. 1265.  *See Gilmore*, 2016 WL 438978, at *2 (finding service improper under Article 1265 when plaintiff delivered summons to defendants' workplace but failed to demonstrate defendants' absence from the office).

For these reasons, plaintiffs' service of the Individual Defendants did not comply with Rule 4(e).  Accordingly, plaintiffs' claims against the Individual Defendants are also subject to dismissal for insufficient service of process under Rule 12(b)(5).

### C.    Rule 4(m)

Rule 4(m) gives plaintiffs 120 days to serve the School Board and the Individual Defendants.  Plaintiffs filed their complaint on October 22, 2015, and more than 120 days have passed since that date.  Under Rule 4(m), a district court has two choices when a plaintiff fails to serve a defendant within a 120-day period: it may either "dismiss the action without prejudice . . . or direct that service be effected within a specified time."  Fed. R. Civ. P. 4(m).

If, however, the plaintiff shows good cause for the failure, the district court must extend the time of service for an appropriate period. *Id.* Accordingly, the Court approaches defendants' motion to dismiss in two steps. First, the Court must determine whether plaintiffs have demonstrated good cause for their failure to effectuate service of process in a timely manner. If good cause exists, then the Court must extend the time period for service of process. If good cause does not exist, the Court must then decide whether to dismiss plaintiffs' claims against defendants without prejudice or extend the time for service. *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

The plaintiff has the burden of proving good cause for the failure to effect timely service. *See, e.g.*, *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990). To demonstrate good cause, a plaintiff must "make a showing of good faith and show some reasonable basis for noncompliance within the time specified[.]" *Syst. Signs Supplies*, 903 F.2d at 1013 (quoting *Winters v. Teledyne*, 776 F.2d 1304, 1306 (5th Cir. 1985)). Mere inadvertence, mistake of counsel, and ignorance of the rules cannot establish good cause. *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993). Here, plaintiffs' only argument against dismissal is that service by delivery to Betty Foster, an "employee at St. James Parish School Board Central Office," was sufficient as to all defendants. Plaintiffs make no

14

attempt to demonstrate good cause for their failure to serve defendants in accordance with state law and the applicable Federal Rules of Civil Procedure. That plaintiffs failed to grasp the requirements for serving the School Board and the Individual Defendants does not constitute good cause for an extension of time.

Even if good cause is lacking, a district court may nevertheless extend the deadline for service of process by "direct[ing] that service be effected within a specified time." Fed. R. Civ. P. 4(m). "Such relief may be warranted, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Newby v. Enron Corp.*, 284 F. App'x 146, 149 (5th Cir. 2008) (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993)). Plaintiffs have not briefed the statute of limitations issue; nor have they asked the Court for an extension of the time period for serving process. Plaintiffs' silence is itself reason for the Court to decline to exercise its discretionary power in their favor. *See Thompson*, 91 F.3d at 21–22 (holding that district court was not required to extend the time period for service when plaintiff admitted that good cause did not exist and failed to ask the court for an extension). In addition, plaintiffs have identified no evidence of evasiveness or trickery that might warrant an extension of time to effectuate proper service. For these

reasons, the Court concludes that an extension of plaintiffs' service of process deadlines is not warranted.  Because plaintiffs failed to effect timely service of process, the Court grants defendants' motion to dismiss.

## III.   CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss for insufficient service of process.  The dismissal is without prejudice to plaintiffs' right to refile against defendants.


New Orleans, Louisiana, this 18th day of April, 2016.


SARAH S. VANCE
UNITED STATES DISTRICT JUDGE